Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
James_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel:  (310) 207-3800
Fax:  (310) 820-5988

Attorneys for Plaintiff SPIRIT CLOTHING COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SPIRIT CLOTHING COMPANY, a California corporation ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> WEST TREND, INC., a California corporation ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ | Case No:  14-cv-5064 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION** <br><br> **[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for preliminary and permanent injunctive relief and for damages arising from Defendant, West Trend, Inc., a California corporation for infringement of Plaintiff's trademarks, for Defendant's violation of 15 U.S.C. §§1114 and 1125(a), and for trademark infringement, passing off, and unfair competition under the common law and the laws of the State of California.

2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

3.      Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business at 2211 East 37th Street, Los Angeles, California 90058.

4.      Plaintiff is informed and believes that at all times material hereto, Defendant West Trend, Inc. is a California corporation with its principal place of business located at 581 4th Street, San Fernando, CA 91340.

5.      This Court has general personal jurisdiction over Defendant, as Defendant resides in this judicial district, Defendant's conduct directly effects Plaintiff which resides in this judicial district, Defendant directs its marketing and advertising in California, sells its products in California, thus creating a likelihood of confusion in the minds of California residents, and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6.      Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      Plaintiff is a well-known clothing company in this District and various other districts.

8.      Plaintiff, Spirit Clothing Company, is known in the clothing marketplace as "Spirit."

9.      In light of longstanding use of SPIRIT as a trademark ("SPIRIT MARK"), since at least as early as 1983, on a wide array of clothing products, it has created a significant amount of goodwill and consumer recognition in the SPIRIT MARK.

10.    Plaintiff is also the owner of U.S. Trademark Registration No. 3,200,974 registered on January 23, 2007, for the SPIRIT REGISTERED MARK for use on clothing, namely, shirts, tops, crews, football jerseys, tanks, camis, cardigans, tunics, sweatshirts, coverups, shorts, pants, foldover pants, capris, skirts, foldover skirts, dresses, jackets, robes, and hats.  (See Registration attached as Exhibit A).  (Collectively the SPIRIT MARK and the SPIRIT REGISTERED MARK are known as the "SPIRIT MARK").

11.    The SPIRIT REGISTERED MARK is incontestable pursuant to 15 U.S.C. § 1065.

12.    At least as early as 1999, Plaintiff began marketing a distinctive style of clothing, hereinafter referred to as the SPIRIT JERSEY MARK.  The SPIRIT JERSEY MARK consists of a very unique and recognizable combination of stitching, lettering and sleeve placement and includes without limitation the placement of slogans or words across the back and stitching running approximately horizontally across and approximately vertically in the dropped shoulder area.  The elements of the SPIRIT JERSEY MARK are non-functional, non-essential to the purpose of the clothing and do not affect the cost or quality of the clothing.  The SPIRIT JERSEY MARK provides no utilitarian advantage as the unique combination of the dropped shoulders, noticeable seems and stitching, and the wording provide a distinct and unique appearance that is inherently distinctive and protectable as a trademark.

13.    In addition to being inherently distinctive, in light of Plaintiff's many years of continuous use of the unique features of the SPIRIT JERSEY MARK, consumers associate them with Plaintiff and Plaintiff has developed a substantial amount of goodwill in the SPIRIT JERSEY MARK.  The SPIRIT JERSEY MARK has also acquired secondary meaning through, among other things, Plaintiff's advertising and promotional efforts.  The SPIRIT JERSEY MARK acquired secondary meaning prior to Defendant's introduction of a competing product.

14.     Plaintiff is also the owner of U. S. Registration No. 4,280,977, for the SPIRIT JERSEY MARK, which was registered by the Patent and Trademark Office on January 22, 2013 for use on long sleeve shirts.  (See Registration attached as Exhibit B).  In allowing the SPIRIT JERSEY MARK to be placed on the supplemental register, the examining attorney at the Patent and Trademark Office determined that the mark was non-functional.

15.     Defendant is selling long sleeve shirts consisting of the SPIRIT JERSEY MARK.  Defendant also markets its goods through the same or similar channels as Plaintiff markets its goods.

16.     Defendant's goods, which feature the SPIRIT JERSEY MARK, are such that prospective purchasers or consumers of the goods of Defendant and the goods of Plaintiff, are likely to be confused as to source.

17.     Defendant's use in commerce of the SPIRIT JERSEY MARK in connection with the sale of clothing is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products.

18.     Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's SPIRIT JERSEY MARK in order to trade upon the good will which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products and services, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff. Defendant intentionally and knowingly misappropriated Plaintiff's SPIRIT JERSEY MARK with oppression, fraud and malice.

## FIRST CAUSE OF ACTION
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

19.     Plaintiff realleges and incorporates herein by reference paragraphs 1 to 18 above.

20.   Defendant's continued and unauthorized use of the SPIRIT JERSEY MARK constitutes trademark infringement under 15 U.S.C. §1114.

21.   Defendant's wrongful use in commerce of the SPIRIT JERSEY MARK is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

22.   Upon information and belief, Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

23.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill.  Defendant will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

24.   Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

25.   Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION
## <u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))</u>

26.   Plaintiff hereby incorporates by reference paragraphs 1 to 25 above.

27.    Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

28.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill.  Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's SPIRIT JERSEY MARK and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

29.    Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of false designation of origin.

30.    Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of false designation of origin.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION

31.    Plaintiff hereby incorporates by reference paragraphs 1 to 30 above.

32.    Defendant's actions constitute unfair competition under the common law.

33.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill.  Defendant will continue, unless restrained, to use Plaintiff's SPIRIT JERSEY MARK and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction

1    restraining Defendant, its officers, agents and employees, and all persons acting in
2    concert with them from engaging in further acts of unfair competition.

3            34.    Plaintiff is further entitled to recover from Defendant damages
4    sustained by Plaintiff as a result of Defendant's wrongful acts.  Plaintiff is presently
5    unable to ascertain the full extent of the monetary damages it has suffered by reason
6    of Defendant's acts of unfair competition.

7            35.    Plaintiff is further entitled to recover from Defendant the gains, profits
8    and advantages Defendant has obtained as a result of its wrongful acts.  Plaintiff is
9    presently unable to ascertain the full extent of the gains, profits and advantages
10   Defendant has realized by reason of its acts of unfair competition.

11           36.    Defendant has engaged in such misconduct with a conscious,
12   deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the
13   public; Plaintiff is therefore entitled to punitive damages to deter Defendant and
14   others from again engaging in such misconduct in an amount to be established at
15   trial.

16                              **<u>PRAYER FOR RELIEF</u>**

17           WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

18           1.     Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C.
19   §1125(a), and the common law, has infringed Plaintiff's SPIRIT JERSEY MARK,
20   has unfairly competed with Plaintiff by falsely designating the origin of its products
21   and has engaged in other acts of unfair competition;

22           2.     Ordering that Defendant and its officers, agents, servants, employees
23   and attorneys and all persons in active concert or participation with any of the
24   foregoing, be enjoined preliminarily during the pendency of this action and
25   permanently thereafter from:

26                  a.     Offering for sale, soliciting sales, advertising, or selling any
27           products in any medium under any mark, name, symbol, logo, or other indicia

28

that incorporates or is confusingly similar to Plaintiff's SPIRIT JERSEY MARK;

       b.     Offering for sale, soliciting sales, advertising, or selling any clothing in any medium, under any mark, name, symbol, logo, or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's products or services originate from Plaintiff, or that Defendant or its agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's SPIRIT JERSEY MARK;

       c.     Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

3.     Ordering that Plaintiff is the exclusive owner of the SPIRIT JERSEY MARK and that such mark is valid and enforceable;

4.     Ordering that Defendant deliver to Plaintiff for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SPIRIT JERSEY MARK or any other trademarks confusingly similar to Plaintiff's marks.

5.     Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

6.     Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

7.     Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

1

2    Dated:  June 30, 2014

3                              /s/ Willmore F. Holbrow, III

4                              Willmore F. Holbrow, III
                               BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
5                              Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated:  June 30, 2014

/s/ Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff